Whitehead, J.
The motion of the defendant Francis Glynn for summary judgment is allowed. The record is wholly insufficient to warrant a fact-finder in concluding that a partnership-in-fact existed between Mr. Brett and the defendant Glynn. With respect to the claim of a partnership by estoppel, the record would warrant a fact-finder in concluding that the defendant Glynn knew that his name was on the entrance to Mr. Brett’s law offices and on the letterhead of “Reed, O’Reilly and Brett,” and even that he consented to such placement of his name. However, that is as much as the plaintiff can establish. Those circumstances are not sufficient to establish that the defendant Glynn held himself out as a partner of Mr. Brett. Accordingly, the first of the four elements of a partnership-by-es-toppel cannot be met. The defendant Glynn cannot be held liable for Mr. Brett’s actions under principles of partnership law. See Brown v. Gerstein, 17 Mass.App.Ct. 558 (1984); Janjigian v. Ferraro and Walsh, 1 Mass. L. Rptr. No. 4, 86 (October 4, 1993).
Similarly, because the plaintiff cannot establish that the defendant Glynn held himself out as a partner of Mr. Brett, Mr. Glynn has no liability to the plaintiff under G.L.c. 93A.